IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAUN THOMAS,

                Plaintiff,

Vs.

NAVIENT CORPORATION; NAVIENT SOLUTIONS, INC., and
STUDENT ASSISTANCE CORPORATION,

                                                                  /

Law Offices of Larry R. Polk, PC
By: LARRY R. POLK (P48164)
Attorney for Plaintiff
500 Griswold, Ste. 2340
Detroit, Michigan 48226
(313) 965-6633
Email: lpolk14405@aol.com

                                                                  /

## VERIFIED COMPLAINT

Plaintiff, Shaun Thomas ("Plaintiff" or "Thomas"), for its claim against Defendants, Navient Student Loan, and Student Loan Association pursuant to action under the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531, 5536(a), 5564, 5565; the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 et seq., and its implementing regulation, Regulation V, 12 C.F.R. part 1022; and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq., and alleges as follows:

### INTRODUCTION

1.    This is an action for damages brought by an individual consumer for Defendant's violations of action under the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531, 5536(a), 5564, 5565; the Fair Credit Reporting Act (FCRA),

1

15 U.S.C. §§ 1681 et seq., and its implementing regulation, Regulation V, 12 C.F.R. part 1022; and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq. These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under the Fair Debt collection Practices Act (15 U.S.C. § 1692 et. seq. (hereafter "FDCPA")), the Deceptive and Unfair Trade Practices Act (ss 501.201 et. seq. (hereafter "FDUTPA") and the Fair Credit Reporting Act (15 U.S.C. § 1681 et. Seq, Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531, 5536(a), 5564, 5565;

2. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

1. Plaintiff, Shaun Thomas is an adult individual residing in the City of Detroit, State of Michigan. .

2. Formerly known as Sallie Mae, Inc., defendant Navient Solutions, Inc., a wholly-owned subsidiary of Navient Corporation, is a Delaware corporation. Navient Solutions, Inc. principally engages in servicing of federal and private student loans for more than 12 million borrowers.

3. Defendant Navient Corporation is a loan management, servicing, and asset recovery company and is a Delaware corporation.

4. Navient Corporation is the direct or indirect owner of all of the stock of Navient Solutions, Inc. and SAC.

5. At all times material to this complaint, Navient Corporation has been located and transacted business in this district, whether directly or through its subsidiaries.

6. At all times material to this complaint, Navient Solutions, Inc. has offered or provided a "consumer financial product or service," and therefore is and was a "covered person" under the CFPA. 12 U.S.C. § 5481(6), (15)(A)(i).

7. At all times material to this complaint, Navient Corporation is and was a "related person" because it has been a "shareholder … or other person … who materially participates in the conduct of the affairs" of Navient Solutions, Inc. and Student Assistance Corporation (SAC), which are covered persons. 12 U.S.C. § 5481(25)(C)(ii).

8. Accordingly, at all times material to this complaint, Navient Corporation is "deemed to [be] a covered person for all purposes of Federal consumer financial law." 12 U.S.C. § 5481(25)(B).

9. Defendant Student Assistance Corporation, ("SAC")a wholly-owned subsidiary of Navient Corporation, with an address as P.O. Box 9570, Wilkes Barre PA 18773.

10. Student Assistance Corporation principally engages in debt collection activities related to outstanding and delinquent student loans on behalf of several owners of federal student loans.

11. Student Assistance Corporation is a "debt collector" under the FDCPA. 15 U.S.C. § 1692a(6).

12. At all times material to this complaint, Student Assistance Corporation has offered or provided a "consumer financial product or service," and therefore is and was a "covered person" under the CFPA. 12 U.S.C. § 5481(6), (15)(A)(x).

13. At all times material to this complaint, SAC has transacted business in this district.

## FACTUAL ALLEGATIONS

1. At all pertinent times hereto, Defendant was hired to collect a debt relating to a debt originally *allegedly* owed to Defendant, Navient.

2. The alleged debt at issue arose out of a transaction which was primarily for a student loan.

3. On July 9, 2016, Defendant, SAC called Plaintiff advising of a defaulted Navient Student loan.

4. At which time, Plaintiff advised the SAC representative that he did not have a loan with Navient and requested proof of same.

4

5. In July of 2016, Defendant called at least four times on Plaintiff's telephone, advising that there would be a civil suit filed in relation to the debt.

6. Plaintiff filed a complaint with the Consumer Financial Protection Bureau; Case number: 160715-002181.

7. Defendant called and communicated with Plaintiff's wife.

8. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer on more than one occasion other than for obtaining location information.

9. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer and stating that person owes the debt.

10. Defendant acted in a false, deceptive, misleading and unfair manner by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

11. Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

12. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing the character, amount, or legal status of any debt.

13. Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take any action that cannot legally be taken or that is not intended to be taken.

14. Defendant acted in a false, deceptive, misleading and unfair manner by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer.

15. Defendant acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

16. Defendant knew or should have known that their actions violated the FDCPA.

17. Additionally, Defendant could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

18. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – VIOLATIONS OF THE FDCPA

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

24. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

25. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692c(b), 1692d, 1692d(5), 1692e(2)(A), 1692e(3), 1692e(5), 1692e(10), and 1692f, as evidenced by the following conduct:

(a) Communicating with any person other than the consumer and stating that that person owes the debt;

(b) Communicating with any person other than the consumer on more than one occasion;

(c) Communicating with any person other than the consumer on more than one occasion for reasons other than obtaining location information;

(d) Communicating with any person other than the consumer in connection with collection of the debt;

(e) Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(f) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(g) Falsely representing the character, amount, or legal status of any debt;

(h) Falsely representing or implying that any individual is an attorney or that any communication is from an attorney;

(i) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

(j) Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

(k) Using unfair or unconscionable means to collect or attempt to collect any debt.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT II – VIOLATIONS OF THE CONSUMER FINANCIAL PROTECTION ACT

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. Sections 1031 and 1036 of the CFPA prohibit a "covered person" from committing or engaging in any "unfair, deceptive or abusive act or practice" in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service. 12 U.S.C. §§ 5531(a), 5536(a)(1)(B).

29. Defendants are "covered person[s]" within the meaning of the CFPA. 12 U.S.C. § 5481(6).

30. An act or practice is unfair if it causes or is likely to cause substantial injury to consumers, which is not reasonably avoidable by consumers, and such substantial injury is not outweighed by countervailing benefits to consumers or to competition. 12 U.S.C. § 5531(c).

31. An act or practice is deceptive if it misleads or is likely to mislead the consumer; the consumer's interpretation of the act or practice is reasonable under the circumstances; and the misleading act or practice is material.

32. An act or practice is abusive if it, among other things, takes unreasonable advantage of the reasonable reliance by the consumer on a covered person to act in the interests of the consumer. 12 U.S.C. § 5531(d).

## COUNT III- INVASION OF PRIVACY

33. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SHAUN THOMAS, respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c)  Punitive damages;

(d)  Costs and reasonable attorney's fees; and

(e)  Such other and further relief as may be just and proper.

## VERIFICATION

I, Shaun Thomas, am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters, which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Detroit, Michigan

Dated: June 29, 2017

*Shaun Thomas*
Shaun Thomas

Respectfully submitted
Law Offices of Larry R. Polk, PC

/s/ *Larry R. Polk*
By: LARRY R. POLK (P48164)
Attorney for Plaintiff
500 Griswold, Ste. 2340
Detroit, Michigan 48226
(313) 965-6633
Email: lpolk14405@aol.com

Dated: June 29, 2017