UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAUN THOMAS,

    Plaintiff,

v.

NAVIENT SOLUTIONS, INC., et al.,

    Defendants.

_____/

Case No. 2:17-cv-12232

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS [7, 9] AND DISMISSING THE COMPLAINT**

Plaintiff Shaun Thomas brought suit after Defendants tried to collect a debt from him and his wife. The complaint alleges one count of invasion of privacy and counts under two federal laws: the Fair Debt Collection Practices Act (FDCPA) and the Consumer Financial Protection Act (CFPA). Two of the Defendants move to dismiss the complaint; one for failing to state a claim and the other for failure to properly serve. The Court has reviewed the filings and finds that a hearing is unnecessary. For the reasons below, the Court will grant the motions and dismiss the complaint.

**BACKGROUND[1]**

Defendants are three interrelated corporations. At the top is Navient Corporation, a loan management company in the business of collecting and servicing debt. ECF 1, PgID 2. Navient Corporation is the sole owner of the other two Defendants: Navient

---

[1] Under Rule 12(b)(6), the Court assumes the truth of facts pleaded in the Complaint. The Background is not a finding of any fact.

Solutions, Inc. and Student Assistance Corporation. For convenience, the Court will refer to the parent company as "Navient" and the subsidiaries as "Solutions" and "Student," respectively. Solutions focuses on servicing student loans, while Student collects outstanding and delinquent student debt. *Id.* at 3–4.

On July 9, 2016, Student called Thomas about a loan he allegedly owed to Solutions. Thomas, however, told the caller that he did not have a loan with Solutions and requested proof of the loan. The Complaint does not say how the call ended, but Student did call Thomas four more times that month and told him that "there would be a civil suit filed in relation to the debt." *Id.* at 5. At some point, Student also spoke with Thomas's wife over the phone. In light of the communications, Thomas filed a complaint with the Consumer Financial Protection Bureau and to which the Bureau assigned case number 160715-002181. *Id.*

Thomas filed suit a year later, on July 7, 2017. The Court issued summonses for Navient and Student on July 11, but because Thomas's attorney made a docketing error, the Court did not issue the summons for Solutions until October 2, 2017. On October 4, Thomas's attorney sent the summonses and complaint via U.S. Priority Mail to addresses in East Lansing, Michigan and Wilkes Barre, Pennsylvania. ECF 12, PgID 73–74. The Post Office confirmed that it delivered the mail to both addresses that same day. *Id.* "J. Capiece"[2] signed for the Pennsylvania mail, and "A. Parsons" signed for the Michigan mail. *Id.*

Defendants filed the instant motions later that month. On November 20, 2017, Thomas filed a certificate of service concerning the mailing of the summonses and

---
[2] It appears the signature might read as "Jarrod Capece."

complaints, but he failed to file a response to the motions until January 17, 2018, several months after the deadline set by Local Rule 7.1(e)(1)(B).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b), a party may move to dismiss a complaint for insufficient process (12(b)(4)) or insufficient service of process (12(b)(5)). The serving party bears the burden of establishing the validity of service. *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006). When reviewing 12(b)(4) and 12(b)(5) motions, the Court "may refer to record evidence" and facts in "uncontroverted affidavits." *Id.*

In contrast, when the Court reviews a motion under Rule 12(b)(6), it generally looks only to the complaint itself. The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pled factual assertions, and draws every reasonable inference in favor of the non-moving party. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court must grant the motion if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

**DISCUSSION**

I. <u>Service of Process</u>

Student moves to dismiss the complaint on service grounds pursuant to Rule 12(b)(4) and 12(b)(5). Student asserts that service by certified mail was improper and thus invalid and further asserts that the service was untimely. Thomas's response merely recites the dates and methods of service and concludes that there "is irrefutable evidence that the parent corporation was properly served[.]" ECF 13, PgID 76.

Rules 12(b)(4) and 12(b)(5) are similar, but distinct:

> An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint.

5B Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed.). Here, Student challenges only the method and timing of the summons's delivery, so the Court properly considers the motion under 12(b)(5).

The Court looks to Rule 4 to review sufficiency of service because it governs both the proper methods of serving a complaint and the deadline for doing so. Under the Rule, a plaintiff serving a domestic corporation has options. He may either deliver a copy of the summons and complaint to one of the people listed in Rule 4(h)(1)(B), or follow "the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Whatever method he chooses, the plaintiff must effectuate service within 90 days after the complaint is filed. Otherwise the court must dismiss the action without prejudice "or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

4

Michigan also provides options to a plaintiff seeking to serve a corporate defendant. The plaintiff may personally serve the summons and complaint "on an officer or the resident agent" of the corporation or "on a director, trustee, or person in charge of an office or business establishment of the corporation[.]" Mich. Ct. R. 2.105(D)(1), (2); *Bullington v. Corbell*, 293 Mich. App. 549, 557 (2011). In the latter case, the plaintiff must also send a summons and copy of the complaint by registered mail to the principal office of the corporation. Mich. Ct. R. 2.105(D)(2).[3]

Thomas did not properly serve any of the Defendants. Thomas did not personally serve any person, and thus did not serve Defendants under Rule 4(h)(1). *See Christian v. Fed. Home Loan Mortg. Corp.*, No. 13-cv-13795, 2016 WL 1640459, at *2 (E.D. Mich. Apr. 26, 2016) (collecting cases in support of the proposition that "delivery" means personal service). For the same reason, he did not properly serve Defendants under Rule 4(h)(2) because Michigan requires personal service for corporations. Mich. Ct. R. 2.105(D)(1), (2). Accordingly, the Court must grant Student's motion to dismiss for insufficient service of process.

Navient did not file a motion, nor has it filed an appearance, but the Court will nevertheless dismiss the complaint for insufficient service as to Navient, too. Under Rule 4(m), if "a defendant is not served within 90 days after the complaint is filed," the Court must dismiss the action, sua sponte and without prejudice against that defendant. Fed. R. Civ. P. 4(m). The Rule does include a good-cause exception, but it is not applicable here. Thomas did not properly serve Navient, or any Defendant, within 90 days. Student

---

[3] Michigan provides further options for corporations with expired terms or those that have failed to take certain actions, but Thomas does not allege those, so the exceptions are inapplicable.

pointed out this deficiency, yet Thomas never re-attempted to serve any of the Defendants. And when Thomas finally and belatedly responded to the other Defendants' briefs, he made no explanation for the failure to properly serve, or the delay. Accordingly, the Court will dismiss the complaint in its entirety against Navient under Rule 4(m).

Although Thomas did not properly serve Solutions, either, the Court will not dismiss the complaint against Solutions for insufficient process because Solutions waived its objection when it failed to raise that argument in its 12(b) motion. *See King v. Taylor*, 694 F.3d 650, 656 (6th Cir. 2012). Nevertheless, the Court will grant Solutions' motion on the arguments it *did* raise.

II. Counts I and II

To begin, Thomas failed to state an FDCPA claim against Solutions—and perhaps never intended to bring such a claim to begin with. Paragraphs 3 and 4 identify Student by name, but the following paragraphs refer merely to "Defendant." So the allegations could conceivably be directed toward Solutions. But as Solutions points out, Thomas did not plead any facts to support the claim that Solutions is a "debt collector" under the FDCPA. Accordingly, the complaint fails to state a claim under the FDCPA against Solutions.

The complaint also fails to state a claim against Solutions under the CFPA. As many courts have noted, the CFPA "does not include a private right of action." *Jones v. Ocwen Fin. Corp.*, No. 3:15-cv-1272, 2017 WL 5713218, at *1 (M.D. Tenn. Nov. 28, 2017). And Thomas did not suggest otherwise in his much-belated response. Accordingly, the complaint (Count II) fails to state a claim against Solutions, or any Defendant, under the CFPA.

III. <u>Count III</u>

There is one final count in the complaint, but it is a state tort claim. Thomas asserted federal-question jurisdiction. *See* ECF 1, PgID 2. When the Court's jurisdiction is premised on a federal question, the Court may exercise supplemental jurisdiction over state-law claims, or it may decline to exercise jurisdiction if it "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). The Court dismissed all the claims over which it has original jurisdiction and finds that the remaining claims would be most suitably resolved by a Michigan court. The Court will therefore decline to exercise jurisdiction over the remaining claims.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendant Navient Solutions, Inc.'s motion to dismiss [7] is **GRANTED**. Counts I and II are **DISMISSED WITH PREJUDICE** and Count III is **DISMISSED WITHOUT PREJUDICE** as to that Defendant.

**IT IS FURTHER ORDERED** that Defendant Student Assistance Corporation's motion to dismiss [9] is **GRANTED** and the complaint is **DISMISSED WITHOUT PREJUDICE** as to that Defendant.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE** as to Defendant Navient Corporation.

**SO ORDERED**.

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: June 27, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 27, 2018, by electronic and/or ordinary mail.

s/David P. Parker  
Case Manager